**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001201
11-DEC-2014
10:17 AM**

NO. CAAP-14-0001201

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Trust Agreement
Dated June 6, 1974, as Amended

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 14-1-0019)(TRUST NO. 14-1-0097)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING ALL PENDING MOTIONS IN CAAP-14-0001201 AS MOOT
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Petitioner-Appellant Association of

Apartment Owners of Discovery Bay's (Appellant AOAO Discovery

Bay) appeal from the Honorable Derrick H.M. Chan's September 22,

2014 "Order Denying Petition of Association of Apartment Owners

of Discovery Bay for Order Instructing Trustee Bank of Hawaii to

Sell the Fee Simple Reversionary Interest in the Trust Estate"

(hereinafter the September 22, 2014 interlocutory order), because

the probate court has not yet entered a separate judgment on the September 22, 2014 interlocutory order that contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP) in the consolidated trust proceedings of T. No. 14-1-0019 and T. No. 14-1-0097, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) and Rule 34(a) of the Hawai'i Probate Rules (HPR) require for an appeal from a trust proceeding under these circumstances.

HRS § 641-1(a) is the law that authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HPR Rule 34 for, among other things, trust proceedings (see HPR Rule 1), which generally requires the entry of a judgment for an appeal:

RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
(a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
(b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.
(c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
(d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphasis added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statutes Annotated Court Rules, HPR Rule 34 cmt. (Michie 2013). Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. For example, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005). Furthermore, whenever HRCP Rule 54(b)-certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment

and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). Thus, in cases where HPR Rule 34 applies, the Supreme Court of Hawai'i has consistently held that when "final judgment terminating the proceeding has not been entered, and these [appealed] orders were not certified for appeal[,] . . . those orders are not before us." In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006).

On November 19, 2014, the probate court clerk filed the record on appeal for appellate court case number CAAP-14-0001201, which does not contain an appealable final HPR Rule 34 judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the September 22, 2014 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an

-4-

interlocutory order).  Absent an appealable final judgment, we lack appellate jurisdiction and Appellant AOAO Discovery Bay's appeal is premature.  Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001201 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0001201 are denied as moot.

DATED: Honolulu, Hawaiʻi, December 11, 2014.

Presiding Judge

Associate Judge

Associate Judge